IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **VIRGIL LAMAR MADDOX,** | : | |
| Plaintiff, | : | |
| | : | NO. 5:24-cv-110-MTT-CHW |
| VS. | : | |
| Warden CHARLES MIMS; | : | |
| Commissioner TYRONE OLIVER; | : | |
| Governor BRIAN KEMP, | : | |
| | : | **PROCEEDINGS UNDER 42 U.S.C. § 1983** |
| | : | **BEFORE THE U.S. MAGISTRATE JUDGE** |
| Defendants.[1] | : | |

**ORDER AND RECOMMENDATION OF DISMISSAL**

Plaintiff Virgil Lamar Maddox, a prisoner in Central State Prison in Macon, Georgia, filed a pro se civil rights complaint under 42 U.S.C. § 1983. ECF No. 1. He also moved to proceed *in forma pauperis* and for appointment of counsel. ECF Nos. 3; 4. It is **ORDERED** that his motion to proceed *in forma pauperis* (ECF No. 3) is **GRANTED** and his motion for appointment of counsel (ECF No. 4) is **DENIED**. ECF No. 3. Following review of Plaintiff's complaint, it is **RECOMMENDED** that the action be **DISMISSED WITHOUT PREJUDICE** for both failure to state a claim and failure to disclose litigation history.

---

[1] It appears that Plaintiff names these three Defendants. See ECF No. 1 at 4. The Clerk's Office is **DIRECTED** to correct the docket to reflect these three individuals as the only named Defendants.

1

**MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).  ECF No. 3.  As it appears Plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee.  28 U.S.C. § 1915(b)(1).  If the prisoner has sufficient assets, he must pay the filing fee in a lump sum.  If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available.  Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee.  28 U.S.C. § 1915(b)(4).  In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee.  Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

I.      Directions to Plaintiff's Custodian

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee.  The clerk of court is **DIRECTED** to send a copy of this Order to Central State Prison.  It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the

sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

II.  Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA. Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated. The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

**MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff moves for appointment of counsel. ECF No. 4. As this is Plaintiff's first request for counsel, the Court advises Plaintiff that "[a]ppointment of counsel in a civil case is not a constitutional right." *Wahl v McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Id.* In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).[2]

In accordance with *Holt*, and upon a review of the record in this case, the Court notes that Plaintiff has set forth the essential factual allegations underlying his claims, and that the applicable legal doctrines are readily apparent. As such, Plaintiff's Motion for Appointment of Counsel is **DENIED**.

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

I.   Standard of Review

The PLRA obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e)

---

[2] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989).

when the plaintiff is proceeding IFP. Both statutes apply in this case, and the standard of review is the same. When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" *Hughes*, 350 F.3d at 1160 (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'" *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted). The Court may dismiss claims that are based on "'indisputably meritless legal'" theories and "'claims whose factual contentions are clearly baseless.'" *Id.* (citation omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "'merely create[] a suspicion [of] a legally cognizable right of action.'" *Twombly*, 550 U.S. at 555 (citation omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at

5

556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

### III. Factual Allegations

Plaintiff is currently incarcerated in Central State Prison in Macon, Georgia, but the incidents about which he complains occurred at Wilcox State Prison in Abbeville, Georgia. *Id*. at 1, 4, 5. Plaintiff alleges that Warden Mims and other unnamed staff ignored the staffing shortages at Wilcox State Prison, resulting in a substantial risk of serious harm to the inmates housed there. *Id*. at 6.

Specifically, Plaintiff states that on August 26, 2023, when no officer was present in the segregation unit in J-Building, an unnamed inmate was stabbed by his cell mate. *Id*. at 5. Plaintiff states that two other inmates died in August 2023, one in the D-4 Building who died of a heart attack and another who died in segregation "due to the heat." *Id*. Plaintiff alleges the inmate who had a heart attack would have survived if an officer had been present and called for medical help. *Id*.

Plaintiff alleges that Warden Mims was aware of the shortage of officers in Wilcox State Prison. *Id*. Plaintiff wrote a grievance regarding the lack of officers in the D Building. *Id*. at 6. Plaintiff requested that an officer be put in D Building or that he be transferred to another prison. *Id*. Plaintiff states that Warden Mims partially granted the grievance, stating that "the Georgia Department of Corrections is aware of the staffing challenges affecting institutions and is working diligently to remedy the issue." *Id*. Warden Mims also stated that officers and administration make regular rounds in all dormitories to ensure the inmates' safety. *Id*. Plaintiff states he has appealed this grievance, alleging that officers do not make regular rounds. *Id*. at 4; 6. Plaintiff does not indicate whether he received a ruling on this appeal. *Id*.

Plaintiff complains that staffing shortages at Wilcox State Prison led to inmates doing officers' jobs, such as handcuffing inmates. *Id*. at 6. Plaintiff states that the Wilcox State Prison Rules and Regulations contain a provision that gang activity is not tolerated at Wilcox State Prison, but Warden Mims is violating this policy and is placing inmates in dorms with known gang members. *Id*.

As relief, Plaintiff request that the Court "[m]ake or order the Georgia Department of Corrections to have guards in all buildings at all times or make the [Georgia Department of Corrections] release inmates due to officer shortages, something needs to be done about the Georgia Department of Corrections officers." *Id*. at 7.

III. <u>Plaintiff's Claims</u>

A. Eighth Amendment conditions of confinement claim against Warden Mims

The conditions under which a prisoner is confined are subject to constitutional scrutiny. *Helling v. McKinney*, 509 U.S. 25, 31-32 (1993). Only actions that deny prisoners "the minimal civilized measure of life's necessities" are grave enough to establish constitutional violations under the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Prison officials must "provide humane conditions of confinement; . . . ensure that inmates receive adequate food, clothing, shelter, and medical care, and . . . 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)); *Helling*, 509 U.S. at 31-32. Prison officials may, therefore, be held liable under the Eighth Amendment for acting with "'deliberate indifference'" to an inmate's health or safety when the official knows that the inmate faces "a substantial risk of serious harm" and disregards that risk by failing to take reasonable measures. *Farmer*, 511 U.S. at 828 (citations omitted).

Deliberate indifference analysis has both an objective and a subjective element. *Id*. at 834; *Keohane v. Fla. Dep't. of Corr. Sec'y*, 952 F.3d 1257, 1266 (11th Cir. 2020) (holding that "[a] deliberate-indifference claim entails both an objective and a subjective component"). The objective element requires the prisoner to allege "an objectively substantial risk of serious harm . . . exists. . . , [and] once it is established that the official is aware of this substantial risk, the official must react to this risk in an objectively unreasonable manner." *Marsh v. Butler Cnty., Ala*., 268 F.3d 1014, 1028-29 (11th Cir.

8

2001), *abrogated on other grounds by Twombly*, 550 U.S. at 555-64).

The subjective element "'has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence.'" *Lane v. Philbin*, 835 F.3d 1302, 1308 (11th Cir. 2016) (citation omitted). The conduct in question must rise above an "ordinary lack of due care for the prisoner's interests or safety. . . . It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

Plaintiff does not allege that he was in any way physically injured due to a staffing shortage at Wilcox State Prison. In his grievance, he requested that either an officer be placed in D Building or that he be transferred. ECF No. 1 at 6. Plaintiff was subsequently transferred from Wilcox State Prison and is now incarcerated at Central State Prison. *Id*. at 4.

Despite the fact that he was in no way injured, Plaintiff points to three occurrences at Wilcox State Prison to show that the staffing shortage resulted in an objectively substantial risk of harm: one stabbing and two inmates' deaths, one from a heart attack and the other "due to the heat." ECF No. 1 at 6. These three seemingly unrelated instances do not show Plaintiff faced a substantial risk of serious harm during incarceration at Wilcox State Prison. Nor do Plaintiff's allegations show that Warden Mims reacted to the staffing shortage in an unreasonable manner. According to Plaintiff's allegations, Mims acknowledged that "institutions" within the Georgia Department of Corrections were

experiencing staff shortages, but administrators or officers were making regular rounds at Wilcox State Prison. ECF No. 1 at 6. Plaintiff points to the three occurrences to show that officers or administrators were not, in fact, making regular rounds at the facility, but these three events do not necessarily show that officers or administrators failed to perform rounds on a regular basis. Also, staff at Wilcox State Prison (presumably Warden Mims) acted reasonably in relation to Plaintiff's concerns about the staffing shortage. Specifically, Plaintiff received the relief he requested in his grievance—he was transferred. *Id*.

Plaintiff's complaint that Warden Mims' failure to follow Wilcox State Prison Rules and Regulations has led to inmates performing officers' jobs or the placement of inmates with gang members does not establish an Eighth Amendment (or any other) violation. ECF No. 1 at 6. The failure to follow rules, policies, or procedures does not amount to a constitutional violation. *See Taylor v. Adams*, 221 F.3d 1254, 1259 (11th Cir. 2000). Generally, such failure amounts to negligence at the most, which does not support a claim for deliberate indifference to a risk of serious harm. *Id*.

Even if Plaintiff had stated a viable Eighth Amendment claim, his "claim for injunctive and declaratory relief . . . fails to present a case or controversy [because he] has been transferred." *Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir.) (citation and internal quotation marks omitted). Under established law in this circuit, a prisoner's claim for injunctive and declaratory relief is mooted by his transfer to another prison. *Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985). As stated previously, Plaintiff is no longer confined in Wilcox State

Prison. Thus, the Court could not grant any of the relief Plaintiff requests. While Plaintiff does not request any damages, the Court notes that Plaintiff could not recover compensatory damages because he suffered no physical injuries. 28 U.S.C. 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act.")

It is, therefore, **RECOMMENDED** that Plaintiff's Eighth Amendment conditions of confinement claim against Warden Mims be **DISMISSED** without prejudice.

B. Conditions of confinement claims against Commissioner Tyrone Oliver and Governor Brian Kemp

While Plaintiff claims that the conditions of confinement at Wilcox State Prison violated his Eighth Amendment rights, he fails to link this claim (or any other claim) to Tyrone Oliver or Brian Kemp. ECF No. 1 at 5-6. Plaintiff lists these two individuals in the heading of his complaint but makes no allegations against them in his Statement of Claim. *Id*. at 1, 5-6. "[S]ection 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993) (citations and internal quotation marks omitted). A district court properly dismisses claims where a prisoner fails to state any allegations that connect the alleged constitutional violation with a defendant. *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (*citing Pamel Corp. v. P.R. Highway Auth.,* 621 F.2d 33, 36 (1st Cir. 1980) (affirming dismissal

of claims against defendants when plaintiff failed to allege facts that connect those defendants with any claim); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1983) (citations omitted) (stating there must be "proof of an affirmative causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation"). Thus, in the absence of any connection between Commissioner Tyrone Oliver and Governor Brian Kemp and Plaintiff's alleged unconstitutional deprivations, Plaintiff fails to state a claim for relief against them.

Perhaps Plaintiff seeks to hold Tyrone Oliver liable because he is the Commissioner of the Georgia Department of Corrections and Brian Kemp because he is the Governor of the State of Georgia. "'[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability.'" *Keith v. Dekalb Cnty.*, 749 F.3d 1034, 1047 (11th Cir. 2014) (quoting *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003)). A supervisor is liable under § 1983 if he or she personally participated in the unconstitutional conduct. *Id*. Alternatively, a supervisor is liable if there exists a causal connection between the "supervisor's actions and the alleged constitutional violation." *Id*. at 1048 (citation omitted). Causal connections can be established by widespread abuse that puts a supervisor on notice. *Id*. But such abuse "must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." *Id*. (citation omitted). Alternatively, a plaintiff may state the necessary causal connection when he alleges "a supervisor's custom or policy . . . result[ed] in deliberate indifference to constitutional rights or when facts support an inference that the

supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Id*. (citation omitted). "Ultimately, though, '[t]he standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous.'" *Christmas v. Harris Cnty*., 51 F.4th 1348, 1355 (11th Cir. 2022) (quoting *Braddy v. Fla. Dep't of Labor & Emp't. Sec*., 133 F.3d 797, 802 (11th Cir. 1998)).

Plaintiff does not allege that Commissioner Oliver or Governor Kemp personally participated in staffing decisions at Wilcox State Prison or had any other causal connections necessary to hold them liable. In fact, as stated above, he makes no allegations whatsoever regarding these individuals.

It is, therefore, **RECOMMENDED** that any claims against Commissioner Tyrone Oliver and Governor Brian Kemp be **DISMISSED** without prejudice.

## FAI.URE TO DISCLOSE LITIGATION HISTORY

Even if Plaintiff had alleged sufficient facts to state a viable Eighth Amendment claim, his misrepresentation of his litigation history merits dismissal. *See Sears v. Haas*, 509 F. App'x 935, 936 (11th Cir. 2013) (per curiam) (affirming dismissal of complaint where plaintiff did not accurately disclose previous litigation). Plaintiff drafted his complaint on the standard § 1983 complaint form. The standard complaint form requires a plaintiff to make a number of disclosures before stating his claims. Questions six asks whether the plaintiff has filed any lawsuits (other than an appeal of his criminal conviction or a habeas) while incarcerated. ECF No. 1 at 2. Plaintiff checked the box showing, "No."

13

*Id*.  Question seven requires a plaintiff to list any lawsuits (other than an appeal of his conviction or a habeas action) that he has filed while incarcerated or detained.  *Id*.  Plaintiff lists, "N/A."  ECF No. 1 at 2-3.  Question eight asks the plaintiff if he has filed any lawsuits in any federal court in which he was permitted to proceed *in forma pauperis* that was dismissed on the ground that it was frivolous, malicious, or failed to state a claim and, if so, to list the lawsuits.  Plaintiff checked the box indicating he has not filed any such lawsuits and lists, "N/A."  *Id*. at 3.

A review of the PACER database reveals that Plaintiff filed three actions previously.  *Maddox v. Williams*, 1:18-cv-138-LAG-TQL (M.D. Ga. July 25, 2018); *Maddox v. Berry*, 1:18-cv-127-LAG-TQL (M.D. Ga. July 5, 2018); *Maddox v. Williams*, 4:13-cv-187-HLM (N.D. Ga. July 25, 2013).  Both *Maddox v. Williams*, 1:18-cv-138-LAG-TQL and *Maddox v. Berry*, 1:18-cv-127-LAG-TQL were dismissed for failure to state a claim upon which relief may be granted.  Thus, Plaintiff misrepresented how many civil actions he filed in the past and how many had been dismissed for failure to state a claim.

A prisoner's "failure to comply with court rules requiring disclosures about [his] previous litigation" may constitute "an abuse of the judicial process warranting dismissal" of the party's pleading as frivolous or malicious under the screening provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).  *Sears*, 509 F. App'x at 936.  "Although *pro se* pleadings are held to a less stringent standard, a plaintiff's *pro se* status does not excuse mistakes regarding procedural rules."  *Id.* (citing *McNeil v. United States*, 508 U.S. 106 (1993)).  Dismissal is also proper under 28 U.S.C. § 1915 where a plaintiff engages in bad

faith litigiousness or manipulative tactics. *Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 225 (11th Cir. 2011) (per curiam).

A prisoner's failure to disclose his full litigation history, when requested to do so, is not considered a minor omission. Such information is highly relevant where a prisoner seeks to proceed without prepayment of the filing fee, as the court has a duty to enforce the statutory three strikes bar. 28 U.S.C. § 1915(g). This information is also necessary for the court to determine, prior to service, whether a prisoner's claims are related to (or should be considered in connection with) another pending action and—more importantly—whether any claims or issues in the current complaint have already been decided. *Williams v. Wiggins*, No. 6:09–cv–943, 2010 WL 4983665, at *2 (M.D. Fla. Dec. 2, 2010). Reliable disclosures are thus essential for an efficient and effective screening of the large number of *pro se* prisoner complaints received by this Court. *See* 28 U.S.C. § 1915A(a). As other courts within this Circuit have reasoned, if *pro se* plaintiffs suffered no substantial penalty for providing false or misleading information in the complaint, "there would be little or no disincentive" for prisoners to attempt to evade the requirement that such disclosures be made. *Williams*, 2010 WL 4983665 at *4 (internal quotation marks omitted); *see also Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (per curiam) (agreeing with district court's conclusion that allowing prisoner to "acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process").

In this case, Plaintiff clearly failed to disclose his complete litigation history on a complaint form that unambiguously requires this disclosure. The form also warned

15

Plaintiff that "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." ECF No. 1 at 2. Plaintiff actively participated in his other lawsuits, and any claims that Plaintiff simply forgot those lawsuits lack credibility. Plaintiff's complaint is accordingly subject to *sua sponte* dismissal. *See Sears*, 509 F. App'x at 936; *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997) (per curiam) (holding that "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal" under § 1915(d)).[3]

## CONCLUSION

It is **ORDERED** that Plaintiff's motion to proceed *in forma pauperis* is **GRANTED** (ECF No. 3). It is **ORDERED** that Plaintiff's motion for appointment of counsel is **DENIED**. ECF No. 4). It is **DIRECTED** that the Clerk of Court correct the named Defendants on CM-ECF to reflect those shown in the heading of this Order and Recommendation. It is **RECOMMEDED** that Plaintiff's complaint be **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted and/or for failure to disclose his litigation history. 28 U.S.C. 1915A(b).

---

[3] 28 U.S.C. § 1915(d) is the predecessor of § 1915(e)(2)(B)(ii). Both statutes contain a provision allowing the Court to determine whether a complaint is subject to dismissal as being frivolous or malicious, although dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) is now mandatory if such a finding is made. *See, e.g., Bilal v. Driver*, 251 F.3d 1346, 1348-49 (11th Cir. 2001). 28 U.S.C. § 1915A also requires the Court to dismiss a complaint filed by a "prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity" if the complaint (or any portion thereof) is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(a), (b)(1).

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Marc T. Treadwell, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Order and Recommendation of Dismissal. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Objections to the Recommendation are limited in length to twenty (20) pages. A party seeking permission to exceed these limitations shall do so by filing a written motion no later than five (5) days in advance of the deadline for filing objections and by specifying the number of pages requested. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**SO ORDERED** and **RECOMMENDED**, this 20th day of June, 2024.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge