## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

|  |  |  |
|---|---|---|
| **VIRGIL LAMAR MADDOX,** | : | |
|  | : | |
| **Plaintiff,** | : | |
|  | : | **NO. 5:24-cv-110-MTT-CHW** |
| **VS.** | : | |
|  | : | |
| **Warden CHARLES MIMS;** | : | |
| **Commissioner TYRONE OLIVER;** | : | |
| **Governor BRIAN KEMP,** | : | |
|  | : | **PROCEEDINGS UNDER 42 U.S.C. § 1983** |
|  | : | **BEFORE THE U.S. MAGISTRATE JUDGE** |
| **Defendants.** | : | |
|  | : | |

## ORDER AND RECOMMENDATION OF DISMISSAL

Plaintiff Virgil Lamar Maddox, a prisoner in Central State Prison in Macon, Georgia, filed a pro se civil rights complaint under 42 U.S.C. § 1983. ECF No. 1. He also moved to proceed *in forma pauperis* and for appointment of counsel. ECF Nos. 3; 4. In the June 20, 2024 Order and Recommendation of Dismissal (ECF No. 6), it was (1) ordered that Plaintiff's motion to proceed *in forma pauperis* (ECF No. 3) be granted; (2) ordered that Plaintiff's motion for appointment of counsel (ECF No. 4) be denied; and (3) recommended that Plaintiff's action be dismissed without prejudice both for failure to state a claim and failure to disclose litigation history. Plaintiff was told he had fourteen days to object to the recommendation. ECF No. 6 at 17. Instead of objecting, Plaintiff filed a motion to amend his complaint "to add different facts." ECF No. 7 at 1. Because Plaintiff

1

filed his motion to amend during the time for amendment as a matter of right, his motion (ECF No. 7) was granted, but he was cautioned that "[a]mendment would not change the fact that Plaintiff failed to disclose any of his previous civil action" and that he "should be aware . . . that this action may still be subject to dismissal because Plaintiff failed to disclose litigation history on his original complaint." ECF No. 8 at 2

Because Plaintiff timely filed an amended complaint, it is **ORDERED** that the June 20, 2024 Order and Recommendation of Dismissal (ECF No. 6) be **VACATED**. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 3) is **GRANTED** and his motion for appointment of counsel (ECF No. 4) is **DENIED**. It is **RECOMMENDED** that his action be **DISMISSED** without prejudice both for failure to state a claim and for failure to disclose litigation history on his original complaint.

### MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). ECF No. 3. As it appears Plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil

2

action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived. Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

## I.    Directions to Plaintiff's Custodian

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The clerk of court is **DIRECTED** to send a copy of this Order to Central State Prison. It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

II.    <u>Plaintiff's Obligations Upon Release</u>

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA.  Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated.  The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments.  Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

**MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff moves for appointment of counsel.  ECF No. 4.  As this is Plaintiff's first request for counsel, the Court advises Plaintiff that "[a]ppointment of counsel in a civil case is not a constitutional right." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Id*.  In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).[1]

---

[1] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v.*

4

In accordance with *Holt*, and upon a review of the record in this case, the Court notes that Plaintiff has set forth the essential factual allegations underlying his claims, and that the applicable legal doctrines are readily apparent. As such, Plaintiff's Motion for Appointment of Counsel is **DENIED**.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

I.    Standard of Review

The PLRA obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a).  Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP.  Both statutes apply in this case, and the standard of review is the same.  When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true.  *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003).  *Pro se* pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'"  *Hughes*, 350 F.3d at 1160 (citation omitted).  Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. §1915A(b).

---

*U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'" *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted). The Court may dismiss claims that are based on "'indisputably meritless legal'" theories and "'claims whose factual contentions are clearly baseless.'" *Id.* (citation omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "'merely create[] a suspicion [of] a legally cognizable right of action.'" *Twombly*, 550 U.S. at 555 (citation omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

III.    <u>Factual Allegations</u>

As stated above, after Plaintiff filed his original complaint, he moved to amend his complaint to "add different facts."  ECF No. 7.  Plaintiff's amended complaint is not on the Court's required 42 U.S.C. § 1983 form.  ECF No. 9.  His original complaint, however, was on the required form and included necessary information, such as Plaintiff's efforts at exhausting administrative remedies and his dates of confinement at various prisons.  ECF No. 1.  Because Plaintiff requested to amend his complaint to "add" facts to his original complaint (ECF No. 7 at 1), the Court considers both the original and amended complaints to determine if Plaintiff has stated a claim.  See *Schreane v. Middlebrooks*, 522 F. App'x 845, 848 (11th Cir. 2103) (quoting *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982) (stating that the amended complaint generally supersedes and takes the place of an original unless the amended complaint refers to, adopts, or incorporates the original complaint).

Plaintiff has been incarcerated at Central State Prison in Macon, Georgia since January 30, 2024, but the majority of events about which he complains occurred at Wilcox State Prison.  ECF Nos. 1 at 1, 4; 9 at 5.  Plaintiff states that on August 26, 2023, when no officer was present in the segregation unit in J-Building, an unnamed inmate was stabbed with a "homemade knife" by his cell mate.  ECF No. 9 at 2.  Plaintiff states that during August 2023, there were two other deaths at Wilcox State Prison.  *Id.*  One inmate in the D-4 Building died of a heart attack and another died in segregation "due to the heat."  *Id.*  Plaintiff believes that the inmate who had a heart attack would have survived had an officer

been present to call for medical help.  *Id*.

Plaintiff states that Warden Mims was aware of the shortage of officers in Wilcox State Prison.  *Id*.  Plaintiff states that he submitted a grievance on July 10, 2023, regarding the lack of officers at the prison.  *Id*.  Plaintiff states that he asked prison officials to place an officer in D-Building or to "transfer [him] to another prison that has the staff to secure [his] safety or bring in the feds."  *Id*.  Plaintiff states that Warden Mims partially granted the grievance on July 13, 2023, stating that "the Georgia Department of Corrections is aware of the staffing challenges affecting institutions and is working diligently to remedy the issue."  *Id*. at 3.  Warden Mims also stated that officers and administration make regular rounds in all dormitories to ensure the inmates' safety.  *Id*.

Plaintiff appealed this grievance on July 19, 2023, contending that officers do not make regular rounds.  *Id*. at 3.  Plaintiff apparently argued in the appeal that if officers made regular rounds, as Warden Mims maintained, the officers "would have found an inmate dead inside in segregation [J] building.  But an inmate orderly found him, not an officer."  *Id*.  It is unclear what inmate was found dead inside the segregation unit and when.  Also in the grievance appeal, Plaintiff complained that Warden Mims and other unnamed staff members were letting inmates perform officers' jobs, such as handcuffing inmates, and were housing non-gang members with gang members, which violates Wilcox State Prison Handbook of Rules and Regulations.  *Id*.

Plaintiff states that the grievance appeal was partially granted on December 19, 2023, by Commissioner Tyrone Oliver.  *Id*.  According to Plaintiff, Oliver stated that the

Georgia Department of Corrections is aware of the staffing shortages and is working diligently to alleviate the issues. *Id*.

Plaintiff complains that "[t]he staffing problems in the Georgia Department of Corrections [are] statewide" and put inmates' lives in danger. *Id*. Plaintiff goes on to list a number of problems caused by the "systemic shortage" of staff: (1) inmates are not getting outdoor exercise seven hours per week; (2) inmates are not getting religious services; (3) inmates are not getting law library time and education classes; (4) inmates are not getting to attend "assigned classes," (5) inmates are being denied cleaning supplies; (6) inmates are not receiving mail in a timely manner; (7) inmates are being denied visitation with family; (8) inmates are being denied medical care and there is no doctor at Central State Prison; and (9) there is no officer posted in the dorms. *Id*. at 4-5. In conclusion, Plaintiff states that Commissioner Oliver and Governor Kemp are putting inmates lives in danger by failing to hire adequate staff. *Id*. at 5.

Plaintiff originally requested that the Court "[m]ake or order the Georgia Department of Corrections to have guards in all buildings at all times or make the [Georgia Department of Corrections] release inmates due to officer shortages, something needs to be done about the Georgia Department of Corrections' officers." ECF No. 1 at 7. In his amended complaint, Plaintiff requests injunctive and declaratory relief. ECF No. 9 at 1. He requests the Court to "enter judgment granting Plaintiff . . . a declaration that the acts and omissions described herein violate the rights under the Constitution and laws of the United States, and any additional relief the Court deems just and proper." ECF No. 9 at 6.

III.   <u>Plaintiff's Claims</u>

A.  Eighth Amendment deliberate indifference to safety claim against Warden Mims
    and Tyrone Oliver

The conditions under which a prisoner is confined are subject to constitutional scrutiny.  *Helling v. McKinney*, 509 U.S. 25, 31-32 (1993).   Only actions that deny prisoners "the minimal civilized measure of life's necessities" are grave enough to establish constitutional violations under the Eighth Amendment.  *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  Prison officials must "provide humane conditions of confinement; . . . ensure that inmates receive adequate food, clothing, shelter, and medical care, and . . . 'take reasonable measures to guarantee the safety of the inmates.'"  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)); *Helling*, 509 U.S. at 31-32.  Prison officials may, therefore, be held liable under the Eighth Amendment for acting with "'deliberate indifference'" to an inmate's health or safety when the official knows that the inmate faces "a substantial risk of serious harm" and disregards that risk by failing to take reasonable measures.  *Farmer*, 511 U.S. at 828 (citations omitted).

To state an Eighth Amendment failure to protect claim, a plaintiff must allege (1) a substantial risk of serious harm; (2) the defendant's deliberate indifference to that risk; and (3) a causal connection between the defendant's conduct and the Eighth Amendment violation.  *Cox v. Nobles*, 15 F.4th 1350, 1357 (11th Cir. 2021) (quoting *Farmer*, 511 U.S. at 833); *Goodman v. Kimbrough*, 718 F.3d 1325, 1331 (11th Cir. 2013); *Bowen v. Warden Baldwin State Prison*, 826 F.3d 1312, 1320 (11th Cir. 2016).

"The first element of an Eighth Amendment claim—a substantial risk of serious harm—is assessed under an objective standard." *Lane v. Philbin*, 835 F.3d 1302, 1307 (11th Cir. 2016) (citation omitted). A plaintiff must allege "conditions that were extreme and posed an unreasonable risk of serious injury to his future health or safety." *Marbury v. Warden*, 936 F.3d 1227, 1233 (11th Cir. 2019) (quoting *Lane,* 835 F.3d at 1307). Courts "ask whether a reasonable jury could find that the [plaintiff] encountered 'a strong likelihood, rather than a mere possibility,' of grievous injury." *Nelson v. Tompkins,* 89 F.4th 1289, 1296 (11th Cir. 2024) (quoting *Brown v. Hughes*, 894 F.2d 1533,1537 (11th Cir. 1990)). The plaintiff may allege either a "general threat" to inmates based on dangerous conditions in the prison or particular area of the prison, or by alleging an individualized risk based on a "specific threat" to the plaintiff. *Marbury*, 936 F.3d at 1233, 1235; *see also Purcell ex rel. Est. of Morgan v. Toombs Cnty., Ga.*, 400 F.3d 1313, 1320 (11th Cir. 2005).

The second element—deliberate indifference—has three components: (1) subjective knowledge that the inmate was at a risk of serious harm; (2) disregard of that risk; (3) by conduct that rises to the level of "'subjective recklessness as used in the criminal law.'" *Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (quoting *Farmer*, 511 U.S. at 839). Subjective awareness requires that the defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Rodriguez v. Sec'y for Dep't of Corrs.*, 508 F.3d 611, 617 (11th Cir. 2007) (citing *Farmer*, 511 U.S. at 837). "Whether a prison official had the

11

requisite knowledge … is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence." *Farmer*, 511 U.S. at 842.  The trier of fact may, therefore, "conclude that a [defendant] knew of a substantial risk from the very fact that the risk was obvious." *Id.*

The determination of whether a risk has been disregarded is objective: "the [defendant] must have responded to the known risk in an unreasonable manner." *Marbury*, 936 F.3d at 1233; *Wade*, 106 F.4th at 1255.  In other words, "a defendant who 'respond[s] reasonably' to risk, even a known risk, 'cannot be found liable' under the Eighth Amendment."  *Wade*, 106 F.4th at 1255 (quoting *Farmer*, 511 U.S. at 837) (citation omitted).

To establish that "the defendant acted with 'subjective recklessness as used in the criminal law'" requires proof "that the defendant was subjectively aware that his own conduct put the plaintiff at substantial risk of serious harm."  *Wade*, 106 F.4th at 1255 (quoting *Farmer*, 511 U.S. at 839).

The third element of the claim is a causal connection between the defendant's conduct and the constitutional violation.  Allegations must show that the defendant "(1) had the means substantially to improve the inmate's safety, (2) knew that the actions he undertook would be insufficient to provide the inmate with reasonable protection from violence, and (3) had other means available to him which he nevertheless disregarded." *Nelson*, 89 F.4th at 1298 (quoting *Rodriguez v. Sec'y for Dep't of Corrs.*, 508 F.3d 611,

622 (11th Cir. 2007)).[2]

As to the first element—a substantial risk of serious harm—Plaintiff does not allege that he faced a specific threat at Wilcox State Prison or was in any way physically injured due to a staffing shortage at Wilcox State Prison. ECF No. 9 at 2. Instead, he points to three occurrences involving other inmates at Wilcox State Prison (one stabbing in the segregation unit, one death from a heart attack in the D-4 building, and a third death "due to heat" in the segregation unit) to show the staffing shortage posed a "general threat" to all inmates. *Marbury*, 936 F.3d at 1233; ECF No. 9 at 1 at 6. Three seemingly unrelated instances do not show Plaintiff himself faced a substantial risk of serious harm during incarceration at Wilcox State Prison.

Moving to the second element of Plaintiff's claim, his allegations do not show that Warden Mims or Tyrone Oliver reacted to the staffing shortage in an unreasonable manner. According to Plaintiff's allegations, both Mims and Oliver acknowledged that institutions within the Georgia Department of Corrections were experiencing staff shortages but noted that prison officials were working diligently to alleviate the issue. ECF No. 9 at 3. Mims stated that administrators or officers were making regular rounds at Wilcox State Prison. *Id*. Plaintiff points to the three occurrences mentioned above to show that officers or

---

[2] As other courts have noted, there is an overlap between the second (deliberate indifference) and third (causation) elements of this claim. *Barefield v. Dunn*, 688 F.Supp.3d 1026, 1075 n.28 (M.D. Ala. 2023). "[A]n official can rarely manifest a deliberately indifferent state of mind by failing to do something that was not in the official's power to do." *Id*. (citing *Rodriguez*, 508 F.3d at 622).

administrators were not, in fact, making regular rounds at the facility. These three events do not necessarily show that officers or administrators failed to perform rounds on a regular basis. Plaintiff also alleges that an unnamed orderly found a deceased unnamed inmate on an unknown date in the segregation unit and argues that officers or administrators would have found the deceased inmate if they had made regular rounds. The fact that an orderly rather than an officer first spotted a deceased inmate does not necessarily mean that officers or administrators failed to make regular rounds. Finally, Plaintiff requested in his grievance to have officers placed in the D building or be transferred to another facility. Plaintiff received the relief he requested in his grievance, in that he was transferred. ECF Nos. 1 at 1, 4; 9 at 2, 5

Plaintiff's complaint that Warden Mims' failure to follow Wilcox State Prison Rules and Regulations led to inmates performing officers' jobs or the placement of inmates with gang members does not establish an Eighth Amendment (or any other) violation. ECF No. 1 at 6. The failure to follow rules, policies, or procedures does not amount to a constitutional violation. *See Taylor v. Adams*, 221 F.3d 1254, 1259 (11th Cir. 2000). Generally, such failure amounts to negligence at the most, which does not support a claim for deliberate indifference to a risk of serious harm. *Id.*

### B. Eighth Amendment general conditions of confinement claim against Warden Mims and Tyrone Oliver.

Plaintiff claims that in addition to the safety issues, the Georgia Department of Corrections' staffing shortage has caused other problems for inmates. ECF No. 9 at 4. For

example, he alleges that inmates are not receiving timely mail and that they are denied access to outdoor time, religious services, educational classes, library time, cleaning supplies, family visitation, and medical/dental appointments. *Id*. Plaintiff provides no factual support for these allegations. For this reason alone, Plaintiff has failed to state a claim on which relief may be granted. *Jones v. Fla. Parole Comm'n.*, 787 F.3d 1105, 1107 (11th Cir. 2015) (stating that while pro se parties are held to a less stringent pleading standard than represented parties, they still must plead "some factual support for a claim").

Additionally, while Plaintiff does not explicitly state that he is suing in his behalf and on the behalf of other Georgia Department of Corrections' inmates, his allegations suggest he is attempting to do so. ECF No. 9 at 4-5. Plaintiff does not indicate how the staffing shortage has impacted him. Instead, he states that the shortage has affected "inmates" in various negative ways. *Id*. Plaintiff has standing only "to seek redress for injuries done to him," and he "may not seek redress for injuries done to others." See *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 166 (1972) (citations omitted).

It appears that Plaintiff is alleging that some of these deficiencies are also occurring at Central State Prison, where Plaintiff is currently confined. ECF No. 9 at 4-5. Charles Mims, the warden of Wilcox State Prison, would have no control over the conditions of confinement at Central State Prison and could not be held responsible for any alleged constitutional violations that occurred at that institution.

Additionally, Plaintiff alleges he submitted grievances regarding the staffing shortages at Wilcox State Prison in June and July 2023. ECF No. 9 at 3. He received the

grievance appeal decision in December 2023.  *Id.*  These are the only grievances that Plaintiff mentions in his original and amended complaints.  ECF No. 1 at 3, 5-6; 9 at 3, 5.  Plaintiff was transferred to Central State Prison on January 30, 2024.  ECF No. 1 at 4.  Thus, he has not exhausted administrative remedies regarding any conditions of confinement at Central State Prison and cannot proceed with a 42 U.S.C. § 1983 action regarding those conditions until he does so.  *Jones v. Bock*, 549 U.S. 199, 215-16 (2007) (stating that failure to exhaust is an affirmative defense and, as such, if it appears on the face of the complaint, the court may dismiss the complaint for failure to state a claim upon which relief may be granted); *Wells v. Brown*, 58 F.4th 1347, 1356 (11th Cir. 2023) (same).

C.  Any claim against Governor Brian Kemp

Plaintiff has not adequately linked any claim to Governor Brian Kemp.  He states only that Governor Kemp's failure to hire adequate prison staff is putting inmates' lives at risk.  ECF No. 9 at 5.  It is not clear that Governor Kemp has the authority to hire or otherwise manage the Georgia Department of Corrections' prison staff.  "[S]ection 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation."  *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993) (citations and internal quotation marks omitted).  A district court properly dismisses claims where a prisoner fails to state sufficient allegations that connect the alleged constitutional violation with a defendant.  *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (*citing Pamel Corp. v. P.R. Highway Auth.,* 621 F.2d 33, 36 (1st Cir. 1980) (affirming dismissal of claims against defendants when plaintiff failed

to allege facts that connect those defendants with any claim); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1983) (citations omitted) (stating there must be "proof of an affirmative causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation").  In the absence of any connection between Governor Brian Kemp and Plaintiff's alleged unconstitutional deprivations, Plaintiff fails to state a claim for relief against him.

To the extent that Plaintiff seeks to hold Brian Kemp responsible simply because he is the Governor of the State of Georgia, Governor Kemp would not be liable "'under § 1983 for the unconstitutional acts of . . . subordinates on the basis of respondeat superior or vicarious liability.'" *Keith v. Dekalb Cnty.*, 749 F.3d 1034, 1047 (11th Cir. 2014) (quoting *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003)).  A supervisory official is liable under § 1983 if he or she personally participated in the unconstitutional conduct. *Id*.  Alternatively, a supervisor is liable if there exists a causal connection between the "supervisor's actions and the alleged constitutional violation."  *Id*. at 1048 (citation omitted).  Causal connections can be established by widespread abuse that puts a supervisor on notice.  *Id*.  But such abuse "must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." *Id*. (citation omitted).  Alternatively, a plaintiff may state the necessary causal connection when he alleges "a supervisor's custom or policy . . . result[ed] in deliberate indifference to constitutional rights or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so."  *Id*. (citation

17

omitted).  "Ultimately, though, '[t]he standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous.'"  *Christmas v. Harris Cnty.*, 51 F.4th 1348, 1355 (11th Cir. 2022) (quoting *Braddy v. Fla. Dep't of Labor & Emp't. Sec.*, 133 F.3d 797, 802 (11th Cir. 1998)).

Because Plaintiff does not allege that Governor Kemp personally participated in staffing decisions at Wilcox State Prison or that he had any other causal connections necessary to hold him liable, it is **RECOMMENDED** that any claims against Governor Brian Kemp be **DISMISSED** without prejudice.

D.  Requested Relief

Plaintiff requests that the Court declare "that the acts and omissions described" in his complaint violate his constitutional rights.  ECF No. 9 at 6.  Plaintiff is no longer confined at Wilcox State Prison.  ECF No. 1 at 4.  Under established law in this circuit, a prisoner's claims for injunctive and declaratory relief are mooted by his transfer to another prison.  *Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986) (citations omitted); *Wahl*, 773 F.2d at 1173 (citation omitted) (stating that "[a]bsent class certification, an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred"); *McKinnon v. Talladega Cnty*, 745 F.2d 1360, 1363 (11th Cir. 1984) (citation omitted) (same).

Plaintiff argues that his transfer does not moot his claims for declaratory relief because the problems about which he complains occur throughout the Georgia Department of Corrections.  ECF No. 9 at 5.  This is not a class action and Plaintiff cannot represent all

incarcerated prisoners in Georgia.  As stated above, Plaintiff only has standing to seek relief for injuries done to him and may not seek relief on the behalf of other inmates.  *Moose Lodge No*. 107, 407 U.S. at 166 (citations omitted); *Wallace v. Smith*, 145 F. App'x 300, 302 (11th Cir. 2005) (per curiam) (citations omitted) (affirming district court's dismissal of a claim because a *pro se* prisoner may not "bring a class action § 1983 complaint seeking declaratory and injunctive relief.")

Additionally, Plaintiff would not be entitled to compensatory damages because he has not suffered any physical injuries.  *See* 42 U.S.C. § 1997e(e) (stating that "[n]o federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotion injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act").

### FAII.URE TO DISCLOSE LITIGATION HISTORY

Even if Plaintiff had alleged sufficient facts to state a viable Eighth Amendment claim, his misrepresentation of his litigation history merits dismissal.  *See Sears v. Haas*, 509 F. App'x 935, 936 (11th Cir. 2013) (per curiam) (affirming dismissal of complaint where plaintiff did not accurately disclose previous litigation).   Plaintiff drafted his complaint on the standard § 1983 complaint form.  This form requires a plaintiff to make a number of disclosures before stating his claims.  Questions six asks whether the plaintiff has filed any lawsuits (other than an appeal of his criminal conviction or a habeas) while incarcerated.  ECF No. 1 at 2.  Plaintiff checked the box indicating "No."  *Id*.  Question seven requires a plaintiff to list any lawsuits (other than an appeal of his conviction or a

habeas action) that he has filed while incarcerated or detained.  *Id*.  Plaintiff lists "N/A." *Id*. at 2-3.  Question eight asks the plaintiff if he has filed any lawsuits in any federal court in which he was permitted to proceed *in forma pauperis* that was dismissed on the ground that it was frivolous, malicious, or failed to state a claim and, if so, to list the lawsuits. Plaintiff checked the box indicating he has not filed any such lawsuits.  *Id*. at 3.

A review of the PACER database reveals that Plaintiff filed three actions previously. *Maddox v. Williams*, 1:18-cv-138-LAG-TQL (M.D. Ga. July 25, 2018); *Maddox v. Berry*, 1:18-cv-127-LAG-TQL (M.D. Ga. July 5, 2018); *Maddox v. Williams*, 4:13-cv-187-HLM (N.D. Ga. July 25, 2013).  Both *Maddox v. Williams*, 1:18-cv-138-LAG-TQL and *Maddox v. Berry*, 1:18-cv-127-LAG-TQL were dismissed for failure to state a claim upon which relief may be granted.  Thus, Plaintiff misrepresented how many civil actions he filed in the past and how many had been dismissed for failure to state a claim.

The previous Recommendation of Dismissal pointed out this deficiency in Plaintiff's complaint and recommended dismissal for this reason as well as for Plaintiff's failure to state a claim upon which relief may be granted.  ECF No. 6 at 14-16.  In his amended complaint, Plaintiff explains the reason for his failure to disclose his litigation history.  ECF No. 9 at 5.  He states that "Plaintiff lost the copies of those papers."  *Id*.  This is certainly plausible.  The standard § 1983 form that Plaintiff completed anticipates that prisoners may have lost copies of their previous lawsuits or otherwise forgotten exact details of their litigation history.  This is why the form provides that "IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MAY BE

DISCLOSED AS WELL."  ECF No. 1 at 2.

Plaintiff did not need copies of his previous civil lawsuits to disclose that he filed some complaints in the federal courts while incarcerated but was unsure of the details. Instead, he affirmatively misrepresented that he had filed no federal lawsuits.  ECF No. 1 at 2-3.

A prisoner's "failure to comply with court rules requiring disclosures about [his] previous litigation" may constitute "an abuse of the judicial process warranting dismissal" of the party's pleading as frivolous or malicious under the screening provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).  *Sears*, 509 F. App'x at 936.  "Although *pro se* pleadings are held to a less stringent standard, a plaintiff's *pro se* status does not excuse mistakes regarding procedural rules."  *Id.* (citing *McNeil v. United States*, 508 U.S. 106 (1993)).  Dismissal is also proper under 28 U.S.C. § 1915 where a plaintiff engages in bad faith litigiousness or manipulative tactics.  *Redmon v. Lake Cnty. Sheriff's Office¸* 414 F. App'x 221, 225 (11th Cir. 2011) (per curiam).

A prisoner's failure to disclose his full litigation history, when requested to do so, is not considered a minor omission.  Such information is highly relevant where a prisoner seeks to proceed without prepayment of the filing fee, as the court has a duty to enforce the statutory three strikes bar.  28 U.S.C. § 1915(g).  This information is also necessary for the court to determine, prior to service, whether a prisoner's claims are related to (or should be considered in connection with) another pending action and—more importantly—whether any claims or issues in the current complaint have already been decided.  *Williams v.*

*Wiggins*, No. 6:09–cv–943, 2010 WL 4983665, at *2 (M.D. Fla. Dec. 2, 2010). Reliable disclosures are thus essential for an efficient and effective screening of the large number of *pro se* prisoner complaints received by this Court. *See* 28 U.S.C. § 1915A(a). As other courts within this Circuit have reasoned, if *pro se* plaintiffs suffered no substantial penalty for providing false or misleading information in the complaint, "there would be little or no disincentive" for prisoners to attempt to evade the requirement that such disclosures be made. *Williams*, 2010 WL 4983665 at *4 (internal quotation marks omitted); *see also Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (per curiam) (agreeing with district court's conclusion that allowing prisoner to "acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process").

In this case, Plaintiff clearly failed to disclose his complete litigation history on a complaint form that unambiguously requires this disclosure. The form also warned Plaintiff that "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE." ECF No. 1 at 2. Plaintiff actively participated in his other lawsuits, and he does not allege that he simply forgot the lawsuits. While he may not have paperwork from the previous cases and might not remember details, the form allowed for Plaintiff to disclose that he filed previous complaints but was unsure of the details. Plaintiff did not do so. Plaintiff's complaint is accordingly subject to *sua sponte* dismissal. *See Sears*, 509 F. App'x at 936; *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997) (per curiam) (holding that "[a] finding that the plaintiff engaged in bad faith litigiousness

or manipulative tactics warrants dismissal" under § 1915(d)).[3]

## CONCLUSION

It is **ORDERED** that Plaintiff's motion to proceed *in forma pauperis* is **GRANTED** (ECF No. 3).  It is **ORDERED** that Plaintiff's motion for appointment of counsel is **DENIED**.  (ECF No. 4).  It is **RECOMMEDED** that Plaintiff's complaint be **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted and/or for failure to disclose his litigation history.  28 U.S.C. 1915A(b).

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Marc T. Treadwell, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Order and Recommendation of Dismissal.  The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.  Objections to the Recommendation are limited in length to twenty (20) pages. A party seeking permission to exceed these limitations shall do so by filing a written motion no later than five (5) days in advance of the deadline for filing

---

[3] 28 U.S.C. § 1915(d) is the predecessor of § 1915(e)(2)(B)(ii).  Both statutes contain a provision allowing the Court to determine whether a complaint is subject to dismissal as being frivolous or malicious, although dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) is now mandatory if such a finding is made.  *See, e.g., Bilal v. Driver*, 251 F.3d 1346, 1348-49 (11th Cir. 2001).  28 U.S.C. § 1915A also requires the Court to dismiss a complaint filed by a "prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity" if the complaint (or any portion thereof) is frivolous, malicious, or fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915A(a), (b)(1).

objections and by specifying the number of pages requested.    Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.  *See* 11th Cir. R. 3-1.

SO ORDERED and **RECOMMENDED**, this 3rd day of September, 2024.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge